

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

_onorable B. F. White
County Judge
_artin County
_tanton, Texas

_ear Sir:                          Opinion No. O-7011

Re:  May a county-district
clerk operate in his
county office an ab-
stract firm and use
county help, equipment
and utilities in the
operation of said firm?

Your letter of recent date requesting an opinion
from this department on the above subject matter is as
follows:

"You probably recall our conversation on
December 16, about the problem that our Com-
missioners Court is facing in regards to the
county and District Clerk operating an abstract
office in the County Clerk's office. Since we
do not have an Attorney in the county and you
stated that you would give an opinion on this
matter, I am requesting that you give me an
opinion on this at the earliest date possible.

"John F. Epley was Clerk here for twenty
years or more preceding his death five years
ago. He operated this abstract firm in the
Clerk's office and at the time of his death,
his wife, Mrs. Lenorah B. Epley, was appointed
to take his place and she has continued to
operate this firm in this office. She is

**NO** COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

5

using the County equipment, utilities, and hired
help that is being paid with the fee from the office
to do this abstract work.  Please give us an opinion
as to the legality of her operating this firm in
connection with her County and District Clerk's
office; and also, give us an opinion on the legality
of the Commissioners' Court allowing this office to
operate in the courthouse and paying help and fur-
nishing office equipment and supplies for the same."

In our Opinion No. 0-921 we held:

"The making of abstracts of title is outside of the
scope of the official duties of the county clerk.  The
preparing and copying of field notes may or may not be
services within the scope of the duties of the office
of the county clerk; the facts in each case will de-
termine this question.

"The county clerk has no authority to use county
employees paid by the county to perform services out-
side of the scope of the duties of the office of county
clerk.  Labor paid for by the county should not be used
by the clerk in the performance of activities outside
of the scope of the duties of his office."

It was held in the opinion of Honorable B. F. Looney to
Honorable J. J. Strickland, dated April 12, 1915:

"It is a matter of common knowledge that a court-
house is designed for public use and no one should be
allowed, or permitted, to occupy it except the public
officials named in the statute."

Following the reasoning in the foregoing opinion by Honor-
able B. F. Looney and the case of Dodson v. Marshall, 118 S. W.
(2d) 621, writ dismissed, we held in Opinion No. 0-178 that the
Commissioners' Court was without authority to rent or lease
offices in the courthouse.

In view of the foregoing it is our opinion that the county-
district clerk cannot legally operate the abstract plant in her
office or at any other place in the courthouse.

We know of no authority for the Commissioners' Court to
expend county funds for office equipment and supplies to be

Honorable B. F. White, page 3

used for purposes other than "county purposes". Moreover, we know of no authority for a county officer to use fees of office to pay help used by said officer for a purpose other than that of carrying out the duties and functions of the office. Your questions are therefore answered in the negative.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By      *J. C. Davis, Jr.*
         J. C. Davis, Jr.
           Assistant

By      *John Reeves*
         John Reeves

JR:LJ

APPROVED JAN 25 1946

FIRST ASSISTANT
ATTORNEY GENERAL

OPINION COMMITTEE
BY
CHAIRMAN